NATHANIEL K. WEED and WILLIAM D. BAGSHAW, Respondents, v.
MICHAEL DONAHUE, Appellant.

*Deed — construction of a grant of an easement in an alley.*

A grant made by the common owner of two adjoining lots, each about one hundred
feet deep, and each having a house thereon about twenty-two feet in depth, of
the use of an alley, lying between such lots, expressed in the words "Together
with the right, at all times, to the use of an alleyway ten feet wide, along the
south side of said premises above described, in common with the owner or
owners of the premises adjoining on the south, at all times, for ingress and
egress to and from said lands above described," conveys to the grantee an
easement in an alley ten feet wide running along the entire length of the south
side of his lot, and such easement is not limited to a distance of only such length
in excess of twenty-two feet as would enable the grantee of the first conveyed
parcel to turn from the alley into his lot behind the house which stood on such
lot at the time of the conveyance.

APPEAL by the defendant, Michael Donahue, from a judgment
of the Supreme Court in favor of the plaintiffs, entered in the office
of the clerk of the county of Orange on the 1st day of June, 1897,
upon the decision of the court rendered after a trial at the Orange
Special Term.

*R. C. Coleman,* for the appellant.

*A. H. F. Seeger,* for the respondents.

Judgment affirmed, with costs, on opinion of the Special Term.

All concurred.

The following is the opinion of the Special Term:

HIRSCHBERG, J.:

At a time when Mary McGraw was the owner of both the parcels
of land now owned by the parties to this action respectively, on the
east side of Chambers street in the city of Newburgh, she conveyed
the premises now owned by the plaintiffs, by a conveyance contain-
ing the following provision: "Together with the right, at all times,
to the use of an alleyway ten feet wide, along the south side of said
premises above described, in common with the owner or owners of
the premises adjoining on the south, at all times, for ingress and
egress to and from said lands above described. Any expense of
keeping up said alleyway and the gate at the entrance thereof to be

borne equally by all the parties using the same. And together with the right to use the drains running through the property adjoining on the south under said alleyway as they now are, with right to enter and repair the same at any time. Said rights to go with the land to the party of the second, his heirs and assigns." The lands on the south above referred to, and then owned by Mary McGraw, have since been conveyed to the defendant, but it does not appear in what terms the plaintiffs' rights in such land are recognized and reserved.

At the time of the conveyance of the plaintiff's lands, there were old frame buildings on the Chambers street front of both properties of a depth of twenty-two feet each, and there were barns or stables at the extreme rear. The depth of the lots was from one hundred to one hundred and two feet, the front of the plaintiffs' premises was twenty-five feet and the front of the premises remaining to Mrs. McGraw, but now owned by the defendant, was fifty feet and one inch. The distance between the two houses was ten feet and eight inches, and a gate was maintained across this space four or five feet east of Chambers street against intrusion by strangers. A short distance from the rear of the plaintiffs' building there was a gate in the division fence, and woodsheds were along or near the dividing line a few feet further to the eastward. On the defendant's lot, near the rear, but adjoining the dividing line, an open shed was erected subsequently to the plaintiffs' conveyance, but so constructed that horses and vehicles could be driven through. Some evidence tends to show that the owners and tenants of plaintiffs' property have driven upon that property from the defendant's, by way of the alley referred to, at other points than where the gate stood in the division fence. The old frame building referred to covered the entire front of the plaintiffs' lot.

The plaintiffs have recently torn down the old frame building on their lot, and have erected a new one of brick, twenty-five feet front by sixty-two feet deep. The defendant has placed a closed gate or other obstruction across his property to the west of the easterly end of this new building, thus preventing the plaintiffs from reaching their lot at the rear of such building and from access through the alleyway to a new stable they are about to construct there. This action is brought to compel the removal of the obstruction.

The defendant contends that the alleyway referred to in the deed

was only the space between the two buildings, and that the right to its use was limited to sufficient room for turning into plaintiffs' property after traversing the twenty-two feet between the buildings. I think such a construction would be narrower than the language used allows, and narrower than was contemplated by Mrs. McGraw and her grantee at the time the right in question was created.

As the space between the two houses was about ten feet in width, it would have been easy to have conferred a right to use the alleyway "formed by the two houses," or "the space between the two houses," as a means of access to the lands conveyed, by words clearly limiting the exercise of the right to such space plainly and expressly. The reference would have been to an existing alleyway, visible and requiring no description or measurement. But the parties seemed to contemplate future sales of the land then retained by Mrs. McGraw, in parcels to different owners, and the creation for the use of each of them of an alleyway to be maintained in common. The right conveyed is expressly for "all time;" it is the right to use "an alleyway ten feet wide," not the alleyway then existing; this alleyway is, or is to be, "along the south side" of the premises conveyed, not along the eastwardly twenty-two feet of the south side; it is to furnish access to and egress from the "lands" conveyed without restriction or limitation; the use is to be in common with the "owner or owners" of the premises adjoining on the south; and the expense of keeping up said alleyway and the entrance gate is to be borne equally by all the parties using the same. These provisions seem to be more consonant with a scheme to preserve a ten-foot alleyway for the beneficial use of all future owners of the entire property, than with a mere grant to the plaintiffs while the dilapidated buildings stand, of the use of the open space between them, with a sharp turn at the end of the twenty-two feet. The latter construction would prohibit the plaintiffs from extending the old building, or constructing a new one deeper, without relinquishing the right of way forever. Such a construction seems to me unreasonable, and not within the language employed, and in violation of the rule of construction by which the intention controls where the language is doubtful.

Judgment should pass for the plaintiffs removing the obstructions, with costs.