(153 App. Div. 442.)

### HOWLAND v. HARDER.

(Supreme Court, Appellate Division, Third Department. November 13, 1912.)

1. EASEMENTS (§ 48*)—PASSAGEWAY—EXTENT OF RIGHT.

 The grant of a right of way alongside the boundary line and over the grantor's lot, which adjoined the lot conveyed, included a right to the grantee to leave the right of way to enter upon his own lot at any reasonable point suited to his convenience, without having the same obstructed or interfered with by the grantor.

 [Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 103–107; Dec. Dig. § 48.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. EASEMENTS (§ 48*)—PASSAGEWAY—EXTENT OF RIGHT.

Where the grantee of a lot and of a right of way over an adjacent lot alongside the boundary line between the two lots selected a place where he would leave the right of way to go upon his land, and used it for some time without objection, such place constituted the point, and the only point, at which he was entitled to free and unobstructed access from the right of way to his lot.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 103–107; Dec. Dig. § 48.*]

3. EASEMENTS (§ 38*)—RIGHT OF WAY—GRANTOR'S RIGHT TO IMPROVE—OBSTRUCTION.

The grantor of a right of way over his lot had a right to improve his land, including such right of way, so as to make it more beneficial to himself, provided the reasonable rights of the grantee were not interfered with.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 61, 62, 114–116; Dec. Dig. § 38.*]

Kellogg and Lyon, JJ., dissenting.

Appeal from Trial Term, Columbia County.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

John L. Crandell, of Hudson, for appellant.

Brownell & Tilden, of Hudson (L. Royce Tilden, of Hudson, of counsel), for respondent.

BETTS, J. The plaintiff and defendant in 1908 owned adjoining lands in the village of Philmont. The deed of plaintiff's grantor after describing the premises contains this clause:

"Giving and granting, also, a right of way on the east side of the east line of said above-described lot from the said stone bridge northerly across and over land of the party of the first part, and a further right from said bridge past the machine shop of Herrick & White to the main road, which last-mentioned road is to be provided and made passable for teams by party of the first part. The party of the second part to make and maintain all fences on the west and south lines of said described lot, and the party of the first part to make and maintain such fence on the north and east lines."

Under the first portion of this paragraph—that is, "Giving and granting, also, a right of way on the east side of the east line of said above-described lot from the said stone bridge northerly across and over land of the party of the first part"—plaintiff claims a right of passage upon lands of the defendant to and along the east side of plaintiff's lands on the western part of the lands of the defendant immediately adjacent to plaintiff's lands, and the right to pass from said right of way onto his own land on or along any portion of said right of way and to return thereto.

Subsequent to the plaintiff acquiring this land, he had sold land fronting along this right of way for the length of 110 feet on the northern portion thereof, so that there is now no question concerning

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the land lying along this right of way in front of said 110 feet, which are known now as the "Smith lots." The defendant, or some person upon the lands of the defendant, had erected a house not far from the right of way, and the defendant had placed a stone wall upon the line between the two parties along this right of way, and which wall extends apparently some 70 feet south of the Smith lots, and between the right of way and plaintiff's lands. Back of this stone wall defendant has placed a large amount of dirt, ashes, and other materials, so that, while originally the lands of plaintiff and defendant were upon practically the same level, defendant has now raised the land upon this right of way in some places as much as six or more feet above the level of plaintiff's land, making it impossible for plaintiff to pass from his land onto the right of way at these points, or to pass from the right of way onto his own land at such points.

The plaintiff, complaining of this action on the part of the defendant, brought this action to compel the defendant to remove this dirt, ashes, and other materials, and the stone wall, describing the same as a nuisance, and has succeeded in his action. The court submitted two questions to the jury, which are as follows:

"Did the defendant cause stones, earth, and other materials to be placed in and upon the alleged right of way; and did such materials constitute an obstruction to the plaintiff's free passage backwards and forwards upon the alleged right of way and at all reasonable points to and from the right of way onto his own land?

"If the materials in and upon the right of way do constitute an obstruction to the plaintiff's free passage backwards and forwards upon the alleged right of way and at all reasonable points to and from the right of way onto his own land, to what extent, if any, has he been damaged thereby?"

The jury answered the first question, "Yes," and to the question as to damages answered, "No damage." After the rendition of this verdict the court accepted and recorded the verdict, and rendered judgment against the defendant for costs and—

"Second. That the dirt, ashes, and other material, mounds of dirt, and the stone wall referred to in the complaint in this action upon the right of way of plaintiff along the easterly line of his premises, situated in the village of Philmont, N. Y., are hereby adjudged and declared to be a nuisance upon said right of way and an obstruction thereon.

"Third. That the said defendant do forthwith, upon the service upon said defendant, or his attorney, of a certified copy of this judgment, remove the said dirt, ashes, and other material, mounds of dirt, and said stone wall from said right of way, and within 30 days after such service fully complete such removal, so that the same shall be entirely taken away and the nuisance created thereby wholly abated, and so that the said right of way shall be and remain as it was before said dirt, ashes, and other material, mounds of dirt, and said stone wall were erected."

And from this judgment the defendant appeals.

It appears that the plaintiff, a gardener, had at different times had manure drawn upon his land, and the men drawing it passed along this right of way to a point apparently about 50 feet north from the south end of the stone wall thus erected by the plaintiff, and 20 feet south of Smith's lots, and there going upon plaintiff's lands. This plaintiff is now unable to do on account of the height of the wall and the magnitude of the obstruction behind it. The south part

of·plaintiff's lands along this right of way is so wet at many times of the year that it is impossible to drive from the right of way onto the plaintiff's lands with a load of any size, as the ground will not hold it and the team cannot draw it, so that plaintiff has been accustomed to going upon the northerly part of his land at the point in question, and passing from the right of way onto the higher grounds, and then going around upon his land to such portion thereof as he desires. When the season is sufficiently dry, the plaintiff has another way of going upon his lands with heavy loads, without going upon the right of way.

[1] The defendant claims that this right of way simply extended along the eastern part of the plaintiff's lands, and did not include a right to plaintiff to leave that right of way to enter upon his own lands; in other words, that the right of way extended along the entire eastern line of plaintiff's lands, with no right to leave the same and enter upon his own lands. Manifestly that could not be true, as nothing whatever would be gained by plaintiff by having any such right of way that he could not leave the entire right of way, but simply drive along his own lands upon his neighbor's lands, without any right to enter his own lands therefrom. Neither would the grantor have given any such ridiculous right of way upon his own land, which would serve no good purpose to the purchaser, the grantee. Manifestly what was intended was to have this right of way to be used, as the plaintiff had used it, for access to the northerly part of his lands, when the southerly and low part of his lands were too wet to permit travel upon the same, and the rights granted under this privilege must be construed with what would be the clearly evident intention of the parties to the original instrument.

[2] The plaintiff, I think, is entitled to go from this right of way upon his own lands at any reasonable point that suits his convenience, without having the same obstructed or interfered with by the defendant. Weed v. Donahue, 26 App. Div. 360, 51 N. Y. Supp. 661; Weed v. McKeg, 79 App. Div. 218, 79 N. Y. Supp. 807, and cases there cited; Herman v. Roberts, 119 N. Y. 37, 23 N. E. 442, 7 L. R. A. 226, 16 Am. St. Rep. 800. The point selected by plaintiff, and never opposed by defendant, may be considered a reasonable place of ingress and egress from right of way to plaintiff's lands.

[3] I think this judgment is too broad, and imposes an unnecessary burden upon the defendant. In the first place, some 50 feet of the north end of the wall and the filling in is opposite lands now known as the "Smith lot," which plaintiff does not own, and to reach which he has no occasion whatever to use the right of way. Plaintiff had selected the place where he would leave the right of way to go upon his own land, and had used it for some time, as appears, without objection, and that place was something about 20 feet south of the Smith line, and 50 feet north of the south end of the wall. It would be no interference with the rights of the plaintiff in this right of way for the defendant to so improve his own land, including the right of way, as to make its use more beneficial to himself,

provided the reasonable rights of the plaintiff were not interfered with.

The defendant had used this right of way to get to his tenant house, and that was no hindrance or injury to plaintiff, provided the plaintiff, at the place 20 feet south of the Smith lots, could have a reasonably fair place to enter from the right of way to his own grounds and to return thereto. This is in accordance with the decisions above quoted.

I think, therefore, that the judgment, as entered, should be modified, by inserting a proper provision therein that would relieve the defendant from removing any portion of the stone wall or filling of ashes and dirt adjoining Smith's lands; also that the judgment should be farther modified, by requiring the defendant to remove sufficient of the stone wall and the filling behind the same, at a point 20 feet south of the Smith lot and 50 feet north of south end of wall, to give the plaintiff opportunity of reasonable access from the right of way to his own land at that point, and also access there from his own land to the right of way, and said right of way made passable with a reasonable grade to the south of said opening, and that the defendant should not be required to make any farther changes or alterations in the work that he has done and the material that he has placed upon and along the right of way; and that, as so modified, the judgment be affirmed in this court, without costs to either party. All concur, except KELLOGG and LYON, JJ., who vote for reversal.

---

### HOWLAND v. HARDER.

(Supreme Court, Appellate Division, Third Department. November 13, 1912.)

Appeal from Trial Term, Columbia County.

Action by De Witt C. Howland against Frank B. Harder. From a judgment for plaintiff, defendant appeals. Appeal dismissed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

John L. Crandell, of Hudson, for appellant.
Brownell & Tilden, of Hudson, for respondent.